CHARLES L. GYGER v. CHARLES R. COURTNEY.

FILED JANUARY 3, 1900.    No. 9,066.

1. **Trusts:** INJUNCTION: ACTION ON BOND. A trustee of an express trust, who was restrained with respect to matters concerning the trust estate, may maintain an action on the bond given in the injunction suit in which he is named as the obligee.

2. **Parties to Actions:** DEFENDANTS: JOINT DEBTORS. In an action against joint debtors the plaintiff, unless the court otherwise direct, may proceed against such of the defendants as have been served with process.

3. **Injunction:** DISSOLUTION: DAMAGES: ATTORNEYS' FEES. Where the hearing of an application for a temporary injunction has been unreasonably postponed, attorneys' fees necessarily incurred in effecting a dissolution of a restraining order are a proper element of damage in case it is determined that the restraining order should not have been allowed.

4. **Bonds:** EXECUTION: SURETIES. A bond, voluntarily given, is not rendered void because of the fact that it was signed by one surety when the order was that it be executed by "sureties."

5. **Injunction:** DISMISSAL: SUIT ON BOND. The voluntary dismissal of

an injunction suit by the plaintiff gives the defendant the right
to maintain an action on the injunction bond.

6. **Bonds:** DELIVERY. In the absence of evidence to the contrary, it
will be presumed that the delivery of a bond was unconditional.

7. ———: ———. In the absence of proof that a bond was delivered
in violation of an express or implied condition, the bond is ef-
fective for the purpose for which it was delivered.

ERROR from the district court of Douglas county.
Tried below before SLABAUGH, J. *Reversed.*

*Montgomery & Hall,* for plaintiff in error.

*Howard B. Smith, contra.*

SULLIVAN, J.

Samuel A. Lewis and Helen A. Lewis brought suit in
the district court of Douglas county to enjoin Charles
L. Gyger from prosecuting against them an action for
the unlawful detention of real property. A restraining
order was allowed on condition that the Lewises should
give a bond in the sum of $250, with sureties to be ap-
proved by the clerk of the court. In compliance with
this order, and on the day it was made, a bond, of which
the following is a copy, was executed, approved and filed
with the papers in the case:

"Whereas, Samuel A. Lewis, Helen A. Lewis, has ob-
tained an order of injunction against Charles L. Gyger
in an action pending in the district court for the county
of Douglas wherein the said Samuel A. Lewis, Helen A.
Lewis is plaintiff, and the said Charles L. Gyger, et al.,
are defendants, on his giving an undertaking to the said
defendant in the sum of $250.00:

"Now, therefore, we, Samuel A. Lewis, Helen A. Lewis,
principals, and Charles R. Courtney, surety, hereby un-
dertake that the said Samuel A. Lewis, Helen A. Lewis,
plaintiff, will pay to the said Charles L. Gyger, defend-
ant, all damages which the said defendant may sustain
by reason of the issuing of said injunction, not exceeding

Gyger v. Courtney.

$250,00, if it shall be finally decided that the said injunction ought not to have been granted.

> "SAMUEL A. LEWIS,
> "HELEN A. LEWIS,
> "By F. A. BROGAN, *Attorney.*
> "CHARLES R. COURTNEY."

The hearing of the application for a temporary injunction was fixed for December 23, 1893. On December 7, Gyger filed a motion to dissolve the restraining order. This motion was heard on December 22 and 23; but there was, so far as the record shows, no final disposition of it. It appears, however, that on the day last mentioned a temporary injunction was allowed on condition that the Lewises should give a bond forthwith in the sum of $2,000. This order was in effect, and was doubtless intended to be, a denial of the application to vacate the restraining order. No bond having been given as required by the order of December 23, there was entered, on December 27, an order dissolving the restraining order; and afterwards, on May 6, 1894, the action was dismissed on the motion of the Lewises. The present action, which is grounded on the bond above set out, was instituted by Gyger against Samuel A. Lewis, Helen A. Lewis and Charles R. Courtney, to recover damages alleged to have been sustained by reason of the wrongful issuance of the restraining order. The summons issued for the Lewises not having been served, the action proceeded against Courtney alone. The trial court found the issues in favor of the defendant, and rendered judgment accordingly. The plaintiff brings the record here for review.

One contention of the defendant is, that the plaintiff can not recover, because he is not the real party in interest. According to the evidence, he holds the legal title to the property involved in the action in which the bond in suit was given. He is also the obligee named in the bond, and is, therefore, under the plain terms of section 32 of the Code of Civil Procedure, entitled to maintain an action upon it in his own name. Courtney's undertaking

will be satisfied, when he shall have paid Gyger the damages resulting from the wrongful issuance of the restraining order.

Another contention of the defendant is that the judgment is right and should be affirmed, because there is no several liability on the bond. The action was, in form, against the principals and the surety. Process issued for all the defendants, but was not served on the Lewises because, according to the return of the officer, they could not be found in Douglas county. Under these circumstances, it was entirely proper to proceed against Courtney alone. See Code of Civil Procedure, sec. 84; *Fox v. Abbott*, 12 Nebr., 328.

A further argument of the defendant in support of the judgment in his favor is that there is no proof of any damage sustained by the plaintiff. This contention is grounded chiefly on the decision in *Carnes v. Heimrod*, 45 Nebr., 364. In the first point of the syllabus of that case it is said: "Attorney's fees, ordinarily, are not recoverable in this state for services rendered in an attempt to dissolve a temporary restraining order pending the hearing of a motion to allow a temporary injunction." The office of a restraining order is to prevent action on the part of the defendant until both parties can be heard on the application for a temporary injunction. The practice being to hear such applications at the earliest practicable moment, there will, ordinarily, be no occasion for a motion to dissolve the restraining order. But, if the hearing of the application for a temporary injunction be unreasonably postponed, as it was in this case, we think the party on whom the restraint has been imposed is justified in moving to dissolve the order; and that all reasonable expense incurred in the matter, including attorney's fees, may be recovered in an action on the bond. But, aside from the evidence in regard to the attorney's fees, there was proof of other damages exceeding the penalty of the bond. The restraining order prevented Gyger, for nearly three weeks, from obtaining possession

of property having an estimated rental value of $500 per month. As no effective temporary injunction was ever granted, and as the action was eventually abandoned and dismissed, it is plain, both on principle and authority, that the restraining order was wrongfully allowed. In other words, it has been conclusively settled—it has been, in the language of the bond, "finally decided"— in the injunction case, that the order preventing Gyger from proceeding with the action to obtain possession of his property was granted in violation of his rights. See *Gibson v. Reed,* 54 Nebr., 309; *Smith v. Gregg,* 9 Nebr., 212; *Omaha Lithographing Co. v. Simpson,* 29 Nebr., 96; *Mitchell v. Sullivan,* 30 Kan., 231; *Swan v. Timmons,* 81 Ind., 243; *Richardson v. Allen,* 74 Ga., 719; *Asevado v. Orr,* 100 Cal., 293; *Apollinaris Co. v. Venable,* 136 N. Y., 46. In 10 Ency. Pl. & Pr., 1124, the rule upon this subject is thus stated: "The voluntary dismissal of the action by the plaintiff has the same effect, as regards the defendant's right to enforce the bond, as a decision of the court that the plaintiff was not entitled to the injunction."

It is finally contended by the defendant that the bond in suit is void, because it does not meet the requirements of the order of the court. The order in question directed that an undertaking be given with "sureties," and it is quite possible that Gyger, for whose benefit the order was made, might have insisted on a strict compliance with its terms. But, if the obligation was voluntarily delivered, and was accepted by the clerk of the district court, it became a binding contract, which the obligee is entitled to enforce. See *Cutler v. Roberts,* 7 Nebr., 4. Although possibly defective, the instrument was not void; and, if objection had been made to it on the ground that it had been executed by only one surety, the court might have permitted the defect to be cured by amendment. See *State v. Russell,* 17 Nebr., 201.

It is said that the bond was handed by Courtney to Mr. Brogan, attorney for the Lewises, to be delivered only on condition that it should be first signed by an-

other surety. In the absence of evidence, the presumption is that the delivery was unconditional; and it is for the defendant to plead and prove the contrary. See *Hart v. Mead Inv. Co.*, 53 Nebr., 153; *Owen v. Udall*, 39 Nebr., 14; *Mullen v. Morris*, 43 Nebr., 596; *Brumback v. German Nat. Bank*, 46 Nebr., 540. There was in this case neither averment nor proof that the bond was delivered to the clerk of the district court in violation of any express or implied condition. The instrument was signed to enable the Lewises to obtain the restraining order; and it was handed to their attorney without any limitation upon his authority to use it for that purpose. Courtney did not know that the order required two sureties, and he received no assurance that another surety would sign it with him. He might have had some vague expectation that another person would share the risk which he assumed; but that fact was unimportant. It did not make the delivery to Mr. Brogan a conditional one. The result of the adjudged cases on the subject of the delivery of bonds by sureties to their principals is thus stated in the note to *Guild v. Thomas*, 25 Am. Rep. [Ala.], 703: "The mere faith on the part of the obligor signing the bond, and the assurance to him by others, that other persons named, or not named, in the bond are also to execute it, is not enough to release him in case this assurance is not fulfilled; there must at least be a delivery by him upon the express condition that the others shall also execute it." The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.