(January 8, 1920.)

GEORGE R. CHARTERS, Appellant, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Corporation, Respondent.

[186 Pac. 921.]

TEMPORARY INJUNCTION — NECESSITY FOR — DISSOLUTION — ANCILLARY RELIEF — MAIN ACTION — TRIAL ON MERITS — INJUNCTION BOND — ACTION ON—PREREQUISITES TO.

1. Where a temporary injunction is granted as ancillary to the main relief sought and no attempt is made to dissolve it or to obtain a decision that its issuance was improper or unnecessary, either by motion or by appeal, and the only resistance thereof is by defending in the main action, counsel fees and costs in connection therewith cannot be recovered from the sureties on the injunction bond.

[As to attorneys' fees on dissolution of injunction, see note in 77 Am. Dec. 158.]

2. When the issuance of a temporary injunction was necessary to preserve the rights of a chattel mortgagee pending foreclosure, no liability attaches to the sureties on the injunction bond.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action against surety on injunction bond. Judgment of nonsuit and dismissal. *Affirmed.*

Jas. H. Frazier, for Appellant.

The entering of the judgment by the court in the action in which the injunction was brought and the dissolving of the injunction was a final determination of the suit upon which the injunction was brought so as to entitle the plaintiff in said action to maintain his suit upon the injunction bond. By such judgment the action was finally decided, and such judgment must be construed to the effect that the plaintiff herein was not entitled to the injunction. (22 Cyc. 1029.)

Liability upon such bond attaches upon the rendition of a judgment for defendant on the merits, whether or not an order of dissolution has issued. (*Fowler v. Frisbie,* 37 Cal. 34; *Porter v. Hopkins,* 63 Cal. 53; *Leese v. Sherwood,* 21 Cal. 151, 164; *Dowling v. Polack,* 18 Cal. 625.)

Attorney fees are allowable for defending in the entire action, where injunction is the only relief sought and a dissolution thereof is procured upon the final hearing. (*Ferrell v. Coeur d'Alene & St. Joe Transp. Co.,* 29 Ida. 118, 157 Pac. 946; *Thomas v. McDaneld,* 77 Iowa, 299, 42 N. W. 301.)

Edward H. Berg, for Respondent.

We rely upon the Ferrell case, and the law as laid down in that case is the same as had been decided by the California court. If the injunction in the Ferrell case was in fact ancillary to some main relief, then surely the injunction is in the case at bar ancillary or auxiliary to the foreclosure. (*Ferrell v. Coeur d'Alene & St. Joe Transp. Co.,* 29 Ida. 118, 157 Pac. 946; *Curtiss v. Bachman,* 110 Cal. 433, 52 Am. St. 111, 42 Pac. 910.)

BUDGE, J.—This action was brought to recover certain sums alleged to have been expended as attorney fees and costs in procuring the dissolution of a temporary injunction. The trial was begun before the court and a jury. At the close of appellant's case a motion for nonsuit was sustained and a judgment entered dismissing the action. This appeal is from

the judgment and from an order denying a motion for a new trial.

Appellant was the owner of two chattel mortgages, one given by H. Otto and the other by Hans P. Otto and Ingard K. Otto. One D. K. McDonald was the owner of a chattel mortgage given by H. Otto. On January 13, 1917, appellant having made a proper affidavit, notice of sale was given by T. L. Quarles, sheriff of Kootenai county, who took possession of certain personal property at the instance of appellant, whereupon D. K. McDonald commenced an action in the dis-' trict court of Kootenai county to foreclose his mortgage and procured a temporary injunction restraining the sheriff from proceeding with the sale of the property described in his mortgage. Respondent became the surety on the bond given for this injunction.

Appellant made no motion to dissolve the temporary injunction, nor did he appeal from the order granting it, but filed an answer in the McDonald foreclosure proceeding and defended in that action in the trial upon the merits, at the conclusion of which the court gave judgment of foreclosure to McDonald and dissolved the temporary injunction. It is to recover attorney fees and other costs incurred in the defense of that action that this action was brought.

The foregoing facts bring the case within the rule announced by this court in *Ferrell v. Coeur d'Alene etc. Transp. Co.*, 29 Ida. 118, 157 Pac. 946. The rule deducible from that case as applied to the facts herein may be stated as follows: Where a temporary injunction is granted as ancillary to the main relief sought and no attempt is made to dissolve it or to obtain a decision that its issuance was improper or unnecessary, either by motion or by appeal, and the only resistance thereof is by defending in the main action, counsel fees and costs in connection therewith cannot be recovered from the sureties on the injunction bond.

But appellant insists that the decision of the trial court at the conclusion of the trial on the merits that the temporary injunction should be dissolved amounted to an express find-

ing by the trial court that the injunction was unnecessarily and improperly issued, but it was pointed out in the above case that the ultimate dissolution of an injunction after a trial on the merits does not amount to a finding that the preliminary injunction was not properly issued.  Moreover, the facts as found by the trial court in the action upon which this suit is predicated directly negative the contention of appellant.  The court expressly found that the sheriff at the instance of appellant took possession of property described in McDonald's mortgage, or some of it, and threatened to sell such property to satisfy appellant's mortgages, and that the injunction was issued to restrain the sheriff "from proceeding with the sale of the property described in said mortgage owned by said D. K. McDonald, but that none of the property covered by plaintiff's [McDonald's] mortgage is included in the mortgages given to Alex. Allardyce [appellant's mortgages] and described in the complaint."

It clearly appears from these findings not only that the injunction was ancillary to the main relief which McDonald was seeking, viz., the foreclosure of his mortgage, but that its issuance was proper and necessary to prevent the sheriff, who was proceeding under appellant's direction, from selling the property covered by McDonald's mortgage and to preserve the property pending the foreclosure proceeding thereunder.  Under such circumstances, it is apparent that no liability could attach to the surety on the injunction bond.

The judgment and order appealed from are affirmed.  Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.