(No. 4679.   October 25, 1927.)

B. H. WAKEFIELD and J. S. CHASE, Appellants, v. LEWIS E. GRIFFITHS and A. F. NELSON, Respondents.

[261 Pac. 665.]

INJUNCTION—CHATTEL MORTGAGES — FORECLOSURE — BOND REQUIRED—DISSOLUTION OF TEMPORARY INJUNCTION, EFFECT—COUNSEL FEES AND COSTS—NO RECOVERY FROM SURETIES.

1.   Decision at conclusion of trial on the merits in action to enjoin sale under chattel mortgage that injunction should be dissolved did not amount to finding that plaintiff mortgagors were not entitled to the temporary injunction when granted, and that it was improperly issued; the judgment showing that mortgagees were claiming more than was due them on the mortgage and that they had caused the sheriff to seize and notice for sale property not covered by the mortgage, which, under C. S., sec. 6385, relative to court contest, with injunction, if necessary, of right to foreclose chattel mortgage, as well as amount claimed

to be due, gave mortgagors right to injunction to restrain the sale until amount due and property covered by the mortgage was finally determined.

2. Bond is required on issuance of injunction under C. S., sec. 6385, on contest of right of chattel mortgagee to foreclose; it not being among the cases enumerated by sec. 6772, which states definitely when an undertaking on the issuance of an injunction shall not be required.

3. The ultimate dissolution of temporary injunction after trial on the merits does not amount to finding that temporary injunction was not properly issued; generally it is dissolved as a matter of course after the rights of the parties have been determined.

4. Where temporary injunction is granted and no attempt is made by motion or appeal to dissolve it or obtain decision that its issuance was improper or unnecessary, but the only resistance is by defending at the trial on the merits, counsel fees and costs cannot be recovered from the sureties on the injunction bond.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover damages and attorneys' fees on an injunction bond. Judgment for defendants. *Affirmed.*

Van de Steeg & Breshears, for Appellants.

In an action on an injunction bond given to obtain an injunction which has been dissolved, matters going to the merits of the injunction proceeding cannot be pleaded and proved as a defense. Therefore, the second, fourth, fifth and sixth grounds of defendant's motion for an instructed verdict are eliminated. (*Fullerton v. Pool,* 9 Wyo. 9, 59 Pac. 431; 2 High on Injunctions, 4th ed., par. 1652; 32 C. J., p. 453, sec. 782b; *Revell v. Smith,* 25 Okl. 508, 106 Pac. 863; *Boise City v. Randall,* 8 Ida. 119, 66 Pac. 938; *Citizens'*

Publisher's Note.

See Chattel Mortgages, 11 C. J., sec. 495, p. 702, n. 3 New.

Injunctions, 32 C. J., sec. 506, p. 310, n. 9; sec. 693, p. 408, n. 99, New; sec. 821, p. 476, n. 9.

*Trust & Guaranty Co. v. Ohio Valley Tie Co.,* 138 Ky. 421, 128 S. W. 317.)

The obligation of the defendant became absolute by the terms of the bond when the court in the injunction suit "finally decided that the plaintiff was not entitled thereto." (*Dangel v. Levy,* 1 Ida. 722.)

What the final decision in the injunction suit really was is to be ascertained from the entire record of the case, and particularly from the findings of fact and conclusions of law. (*Caldwell v. Wells,* 16 Ida. 459, 101 Pac. 812; *Charters v. Fidelity & Deposit Co.,* 32 Ida. 612, 186 Pac. 921; 32 C. J. p. 462, sec. 801.)

The liability of a surety on an injunction bond is measured by the terms of his contract. (*Scholtz v. American Surety Co.,* 35 Ida. 207, 206 Pac. 187; *Rowland v. Kellogg Power & Water Co.,* 40 Ida. 216, 233 Pac. 869.)

C. S., sec. 6385, does not give the right to injunction without injunction bond; no more so than sec. 6769, standing by itself, authorizes an injunction without the requirement of bond. And the rule is well established in this state that a restraining order or injunction is inoperative unless a bond be required and furnished. (*MacWatters v. Stockslager,* 29 Ida. 803, 162 Pac. 671; *Rowland v. Kellogg Power & Water Co., supra.*)

Injunctive relief under C. S., sec. 6385, is not within the recognized exceptions, and, if deemed necessary and demanded by a litigant, requires a bond. (*Murphy v. Russell & Co.,* 8 Ida. 133, 67 Pac. 421.)

One who has obtained an injunction and thereby stayed his adversary's proceedings is too late to set up as defense in an action on the bond want of jurisdiction to grant the injunction. (32 C. J., p. 254, sec. 788, p. 453, sec. 783, and cases cited; 14 R. C. L., sec. 179; 2 High on Injunctions, sec. 1652; *Hamilton v. State,* 32 Md. 348; *Alaska Imp. Co. v. Hirsch,* 119 Cal. 249, 47 Pac. 124, 51 Pac. 340; *American Exchange Nat. Bank v. Goubert,* 135 App. Div. 371, 120 N. Y. Supp. 397.)

H. A. Griffiths, for Respondents.

The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested in the district court by any person interested in so doing, for which purpose an injunction may issue if necessary. (C. S., sec. 6385; *Murphy v. Russell*, 8 Ida. 133, 67 Pac. 421; *Ferrel v. Coeur d'Alene etc. Transp. Co.*, 29 Ida. 118, 157 Pac. 946; *Charters v. Fidelity & Deposit Co.*, 32 Ida. 612, 186 Pac. 921.)

If the injunction was ancillary to some main relief and no attempt is made to dissolve it or to obtain a decision that its issuance was improper or unnecessary, either by motion or by appeal, and the only resistance thereof is by defending in the main action, no liability could attach to the surety on the injunction bond. (*Charters v. Fidelity & Deposit Co., supra; Ferrel v. Coeur d'Alene Transp. Co., supra.*)

C. S., sec. 6385, where the right to foreclose or the amount claimed to be due is in dispute, the mortgagor is entitled to an injunction to stop the foreclosure by notice and sale if necessary, as a matter of right and without the giving of bond, terms or conditions. (*Murphy v. Russell, supra; Watts v. Greenwood*, 49 Utah, 118, 162 Pac. 72; *Pearson v. Glenn Lumber Co.*, 55 Okl. 280, 160 Pac. 48; *Black v. Howell*, 56 Iowa, 630, 10 N. W. 216.)

FEATHERSTONE, Commissioner. — This action was brought by appellants to recover from respondents, as sureties on an undertaking for an injunction, the sum of $525 as damages and $75 as attorneys' fees, and interest and costs. No service was had on the respondent Nelson and the case was dismissed as to him. The case was tried to a jury, and on the completion of appellants' case respondent moved the court to instruct the jury to return a verdict for respondent, which motion was sustained by the court and the jury rendered its verdict for respondent and judgment was thereupon entered on said verdict, from which judgment this appeal is taken.

The record shows that B. H. Wakefield and J. S. Chase, being the holders and owners of a certain chattel mortgage for the principal sum of $1,500, given by W. R. Bates and Audney Bates, his wife, covering the crops grown on certain lands, did on December 5, 1921, place an affidavit in the hands of the sheriff of Canyon county, Idaho, with instructions to foreclose the said chattel mortgage above mentioned by notice and sale, and out of the proceeds to pay the said $1,500 alleged to be due on the said chattel mortgage.

The affidavit and instructions directed the sheriff to sell other property besides that described in the chattel mortgage.

The sheriff, acting upon the said affidavit and instructions, took possession of 600 sacks of potatoes, some of which were not covered by said mortgage, and noticed the same for sale to pay the said sum of $1,500 and costs of foreclosure.

On December 9, 1921, W. R. Bates and Audney Bates commenced an action in the district court of Canyon county, against B. H. Wakefield, J. S. Chase and B. W. Kinney, as sheriff of Canyon county, and secured an injunction in said action ordering said sheriff to refrain and desist from further proceeding to foreclose said chattel mortgage, and from in any manner interfering with, selling or disposing of the personal property in said mortgage described, until the further order of the court.

The plaintiffs in said action, W. R. Bates and Audney Bates, at the time of securing the said injunction, filed in said action an undertaking in the sum of $700 conditioned for the payment of such damages, not exceeding $700, including $75 attorneys' fees, as the parties enjoined might sustain by reason of said writ if the court finally decided that said plaintiffs were not entitled to said injunction. The undertaking was signed by the respondents herein.

No attempt was made by any of the defendants in said action to have said injunction dissolved, but they filed a demurrer to the complaint, which was overruled, and thereupon they filed their answer and cross-complaint. The case

was tried to a jury, who in answer to certain interrogatories submitted to them found that $600 had been paid on the said $1,500 mortgage and that only 525 sacks of potatoes seized by the sheriff were covered by the said mortgage.

Thereupon the court ordered that the injunction be dissolved and that defendants Wakefield and Chase have judgment against W. R. Bates and Audney Bates for $900 principal, $150 attorneys' fees and interest and costs, and that said judgment was a lien on the said 525 sacks of potatoes.

Appellants assign four specifications of error, which are to the effect that the court erred in instructing the jury to find for respondent Griffiths, and that the judgment is contrary to law, and not supported by the evidence.

Appellants in this case made no motion to dissolve the injunction in the case brought by Bates and wife, nor did they appeal from the order granting the said injunction, but they filed an answer and cross-complaint in that action and defended the action in a trial upon the merits, at the conclusion of which the court gave judgment of foreclosure of the said chattel mortgage and at the same time dissolved the temporary injunction, there being no further need for the same.

[1] It is contended by appellants that the decision of the trial court at the conclusion of the trial on the merits, that the injunction should be dissolved, amounted to a finding by the trial court that W. R. Bates and Audney Bates were not entitled to the temporary injunction at the time the same was granted, and that the same was improperly issued.

We cannot agree with this contention. The judgment in that case showed that Wakefield and Chase were claiming $600 more than was actually due them on the said mortgage and that they had caused the sheriff to seize and notice for sale property not covered by the said chattel mortgage. C. S., sec. 6385 provides:

"The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested in the district

court by any person interested in so doing, for which purpose an injunction may issue if necessary.''

This action clearly gave W. R. Bates and Audney Bates the right to an injunction to restrain the sale until the amount due and the property covered by the said chattel mortgage was finally determined.

[2] It has been urged by respondent Griffiths, in this action, that no bond or undertaking on injunction is required under the above-mentioned section of our statutes. We cannot agree with that contention. Section 6772 of our statutes stated definitely when an undertaking on the issuance of an injunction shall not be required, and we find nothing in our statutes or decisions to justify the contention of counsel that an undertaking is not required under C. S., sec. 6385.

[3] The ultimate dissolution of a temporary injunction after a trial on the merits does not amount to a finding that the temporary injunction was not properly issued; generally it is dissolved as a matter of course after the rights of the parties have been determined.

The facts, as found by the trial court, show that the sheriff took possession of property not covered by the chattel mortgage, that he was attempting to collect a greater sum than was owing on said mortgage, and it clearly appears that the issuance of an injunction was necessary and proper to prevent the sheriff, who was proceeding under appellants' direction, from selling property not covered by the said chattel mortgage.

[4] The foregoing facts bring the case within the rule announced in *Charters v. Fidelity & Deposit Co.,* 32 Ida. 612, 186 Pac. 921, and *Ferrel v. Coeur d'Alene etc. Transp. Co.,* 29 Ida. 118, 157 Pac. 946, where the court held that:

''Where a temporary injunction is granted as ancillary to the main relief sought and no attempt is made to dissolve it or obtain a decision that its issuance was improper or unnecessary, either by motion or on appeal, and the only resistance thereof is by defending in the main action, counsel fees and costs in connection therewith cannot be recovered from the sureties on the injunction bond.''

We recommend that the judgment of the trial court be affirmed, with costs to respondent.

Babcock and Adair, CC., concur.

PER CURIAM.—The foregoing opinion is hereby approved and the judgment is affirmed, with costs awarded to respondent.

Petition for rehearing denied.