FRED C. H. MEESKE ET AL., APPELLANTS, V. J. T. BAUMANN ET AL., APPELLEES.

FILED MARCH 18, 1932. No. 28079.

*J. P. O'Gara, Perry, Van Pelt & Marti* and *H. R. Ellenberger,* for appellants.

*Zacek & Nicholson, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

ROSE, J.

This is an action on a 2,000-dollar bond for a temporary restraining order which was wrongfully granted. The bond was executed and delivered by J. T. Baumann as principal and Otto H. Zacek as surety, obligors, in a former suit in equity for injunctive relief preventing obligees, Fred C. H. Meeske, John Benne, Fred Heilman, Roy Senden, and Henry Schwinch, who were respectively the mayor and the councilmen of West Point, from proceeding in a purpose to purchase an engine and other equipment for the city light plant. The order was dissolved on motion of obligees and the suit in which it was granted was subsequently dismissed. Obligees in the bond are plaintiffs herein and obligors are defendants. Plaintiffs claim unpaid damages in the sum of $1,287.35 for attorney fees and expenses, liability for which was incurred in procuring the dissolution of the temporary restraining order. To the petition in the action on the bond defendants interposed a general demurrer, which the trial court sustained. Plaintiffs elected to stand on their petition. Their action was dismissed and they appealed.

The sufficiency of the petition to state a cause of action on the bond is the question presented by the appeal. Plaintiffs allege the following as ultimate facts, in substance: They are respectively the mayor and the councilmen of West Point. In a suit for injunctive relief obligors procured a temporary restraining order and the ef-

fect thereof was to delay proceedings to purchase equipment for the West Point light plant. The restraining order was granted July 25, 1930, and went into effect the same day upon the giving of the bond which was duly executed, approved and delivered, a copy being attached to the petition as part of it. The bond binds obligors to pay obligees "All damages which they or any of them may sustain if it be finally decided that said restraining order ought not to have been granted." August 18, 1930, the restraining order was dissolved upon the hearing of a motion presented by obligees. The suit in equity for injunctive relief was dismissed by the district court. The final judgment therein determined that the restraining order ought not to have been granted and is in full force and effect, the time to appeal therefrom having long since expired. The resulting damages have not been paid. The facts thus summarized are alleged in detail. One paragraph of the petition in the present action follows:

"Plaintiffs have sustained damages to the amount of $1,287.35 by the granting of said restraining order, in that plaintiffs have necessarily incurred expenses in the sum of $1,287.35 as attorney fees and expenses in having said restraining order dissolved; that said expenditure was necessary because the hearing on the application for temporary order of injunction was set for September 29, 1930, and the restraining order, if not dissolved, would have remained in full effect until that date and would have prevented plaintiffs herein from performing the duties for which they were elected."

The sustaining of the demurrer and the dismissing of the action on the bond are assigned as error. In support of these rulings of the district court obligors, defendants, argue that it was the duty of the city attorney, a salaried officer, to act for West Point and for the mayor and the city council, and that those officers and the city were without power to incur liability for the fees and expenses which plaintiffs seek to recover. In support of these propositions the charter of cities of the second class to which

West Point belongs is invoked. The charter provides that the mayor with the consent of the council may appoint a city attorney to serve for a year. Comp. St. 1929, sec. 17-107. He is the legal adviser of the council and, when necessary, shall, on behalf of the city, prosecute or defend all actions in which it is a party. Comp. St. 1929, sec. 17-516. For performance of duties devolving upon any city officer the council shall not appropriate money to or pay any other person. Comp. St. 1929, sec. 17-517. In this connection counsel for defendants cite opinions of text-writers and courts to the effect that employment of special counsel to perform duties imposed by law upon the city attorney is unauthorized. At the bar there was a formidable argument in favor of the position thus taken, but whether it is tenable depends upon the allegations of the petition, the pertinent statutes and the presumptions of law.

As already indicated the petition pleads the allowance and dissolution of the restraining order, the execution and delivery of the bond, the dismissal of the equity suit for injunctive relief, the necessity for expenses incurred in procuring the dissolution of the restraining order, including attorney fees, and the condition upon which obligors became liable for unpaid damages.

In addition to the law relating to the city attorney and his duties, the statute provides that the city may sue and be sued. Comp. St. 1929, sec. 17-401. This means also the right to defend and implies power to employ counsel when a defense is necessary. *Cheesebrew v. Town of Point Pleasant,* 71 W. Va. 199. A grant of official power necessarily implied from a specific provision of statute is part of the legislative act. It has been wisely held that a city having a regular salaried city attorney is not for that reason prevented from recovering on an injunction bond reasonable fees of special counsel for services in dissolving the injunction. *Vicksburg Water Works Co. v. Vicksburg,* 99 Miss. 132, 33 L. R. A. n. s. 844, and note citing *Howard v. Burke,* 248 Ill. 224; *Ford-*

*ham v. Thompson,* 144 Ill. App. 342; *Luchini v. Police Jury,* 126 La. 972; *Babcock v. Reeves,* 149 Ala. 665. See, also, *Mollohan v. Cavender,* 75 W. Va. 36, and cases cited in note in L. R. A. 1917D, 255.

The power of the city to employ counsel, implied as it necessarily is from the legislative grant to sue and defend, is not wholly taken away by statutory provisions creating the office of city attorney, prescribing the duties of that officer and restricting payment of city funds to regular city officers and employees. Otherwise, absence, illness, refusal to act, hostility to public interest, or other temporary incapacity of the regular city attorney might leave the municipality without necessary counsel even in a grave emergency. When a salaried city attorney is ill or absent, or disqualified in a particular instance, the making of a defense in a pending suit against the city is not a duty devolving upon a regular city officer within the meaning of the statute providing that the council shall not pay compensation to any other person. Comp. St. 1929, sec. 17-517.

The power of the city to defend a suit to prevent the mayor and councilmen from buying essential equipment for the municipal light plant was granted by the city charter and the exercise of that power did not necessarily await the action of the city attorney, if ill or absent or otherwise temporarily incapacitated for official duty. If alleged liability for fees of special counsel was incurred by the mayor and councilmen on motion to dissolve the preliminary order, the presumption is that they performed their duties in that respect. "The law presumes that a public officer faithfully performs official duty." *Paxton v. State,* 59 Neb. 460. A petition challenged by demurrer charges what by reasonable and fair intendment may be implied from the facts stated. *Roberts v. Samson,* 50 Neb. 745. The purpose of a temporary restraining order is to impose judicial restraint until litigants can be heard on an application for a temporary injunction. *Gyger v. Courtney,* 59 Neb. 555. According to the petition herein

the restraining order was granted July 25, 1930, and the hearing on the application for a temporary injunction was set for September 29, 1930. Between those dates the city would have been prevented from purchasing equipment for the light plant, except for the dissolution of the wrongful restraining order. The petition therefore shows an occasion for the removal of the judicial restraints imposed and for the services of counsel.

If the petition in the action on the bond, therefore, is viewed as a pleading demanding relief on behalf of the city, or of the mayor and councilmen officially, it does not seem to be demurrable for want of municipal power to incur liability for reasonable fees for services of special counsel in procuring the dissolution of the restraining order.

The result is the same if the action on the bond is viewed as a demand for the enforcement of individual, as distinguished from municipal, rights. The city is not a party to this action on the bond. The individual persons who held the offices of mayor and councilmen are plaintiffs herein. The bond itself is part of their petition and it shows that, with the city, they were sued as individuals in the former suit for injunctive relief. Referring to obligors and to the parties named in the suit in which the preliminary restraining order was granted, obligors bound themselves as follows:

"We, J. T. Baumann, one of the above named plaintiffs, as principal, and Otto H. Zacek, as sureties, do hereby undertake to said defendants in the sum of $2,000 that said plaintiffs will pay to said defendants all damages which they or any of them may sustain if it be finally decided that said restraining order ought not to have been granted."

If plaintiffs herein were sued in equity as individuals, as shown by the bond, and if they incurred liability for necessary counsel fees in procuring the dissolution of the restraining order, as stated in their petition, their pleading brought them within the terms of the bond. In any

aspect of the petition it does not seem to be open to a general demurrer.

Under the circumstances disclosed, necessary expenses incurred in procuring the dissolution of the restraining order, including reasonable counsel fees, may be recoverable in an action on the bond. *Gyger v. Courtney*, 59 Neb. 555; *Trester v. Pike*, 60 Neb. 510. Other cases to the same effect are collected in a note in 16 L. R. A. n. s. 55. The courts of the country are almost unanimous in the opinion that, in an action on such a bond, obligees need not allege they paid counsel fees, legal obligation to do so being sufficient, if pleaded. See note in 16 L. R. A. n. s. 76. In view of the law and the facts outlined, the general demurrer was erroneously sustained. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.