[No. 15030.　Department Two.　January 24, 1919.]

GUS VERGONIS, *Respondent*, v. JIM VASELEOU, *Appellant*.[1]

APPEAL (117)—PRESERVATION OF GROUNDS—OBJECTIONS TO COMPLAINT. In an action to recover goods conditionally sold, objection that the complaint did not tender, for surrender and cancellation, the notes given for the purchase price cannot be first made on appeal, where the notes were introduced in evidence and cancelled by the judgment.

TENDER (7)—CONDITIONS—CONDITIONAL SALES CONTRACT. A tender of the sum due on a conditional sales contract, conditioned on receiving an absolute conveyance of the property, is insufficient, where payment was a condition precedent to passing title, and the contract provided that title should be absolute on full payment and did not contemplate any additional conveyance.

SAME (4)—MODE AND SUFFICIENCY—PAYMENT INTO COURT. After suit brought, it is not a sufficient tender to leave money with a third person to be handed to plaintiff's attorney, and in the case of a legal action, to fail to bring the money into court.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered June 25, 1918, upon

[1] Reported in 178 Pac. 463.

findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Robert G. Chambers,* for appellant.

*Geo. T. Swasey,* for respondent.

FULLERTON, J.—On November 28, 1917, the respondent, by contract of conditional sale, transferred to the appellant and another a restaurant with its furnishings, situated in the city of Raymond, in this state. The sale price was $1,000, upon which a cash payment was made of $600, and four notes of $100 each given, maturing December 28, 1917, January 28, February 28, and March 28, 1918, respectively. These notes were placed for collection with a bank at South Bend, and the first two of the notes were paid as they matured. The remaining notes were not paid and, shortly after the maturity of the last of the notes, this action in replevin was begun by the respondent to recover possession of the property. The complaint was in form that is usual and customary under our practice to recover property in specie. The appellant answered, putting in issue the traversable allegations of the complaint, and pleading by way of a separate answer a tender of payment of the amount due on the notes, both prior to, and after the commencement of, the action, averring that the latter tender included the accrued costs. He also, in his answer, offered to pay the notes and such further sum as the court should adjudge to be due the respondent. He did not, however, bring into court for the respondent the amount tendered. A trial was had before the court sitting without a jury, and resulted in a judgment allowing a recovery of the property.

The appellant first complains of the ruling of the court overruling his objections to the sufficiency of the

complaint and to the sufficiency of the evidence to sustain a judgment against him, and urges in this court that neither the complaint nor the evidence is sufficient to sustain the judgment entered. The conclusion is founded on the fact that the respondent did not tender in his complaint, for surrender and cancellation, the unpaid notes. Since, in this state, the rule is that a vendor in a contract of conditional sale cannot retake the property conditionally sold and recover the unpaid portion of the purchase price—that the election of the one remedy is a waiver of the other—it may be that good pleading would require the vendor to tender in his complaint any obligation given to evidence such purchase price when return of the property is sought, but the objection was waived in this instance. The complaint was not attacked, either by motion or demurrer, nor was the particular objection taken by the answer filed. On the trial of the cause, the notes were produced as a part of respondent's evidence in chief, filed in the cause, and were canceled by the judgment of the court finally entered. In the end, the appellant obtained all the relief in this regard to which he would have been entitled had he objected at the proper time, and no error can now be predicated because of the informality of the methods by which such relief was reached.

The principal defense was that of tender. It is not necessary to recite the several acts of the appellant constituting the supposed tenders, but they were clearly insufficient. He seems to have conceived the idea that he was entitled to some form of absolute conveyance of the property as a condition precedent to the final payment, and all of the tenders made prior to the commencement of the action, conceding them to be sufficient in other respects, were made subject to

such a condition. But the contract did not warrant this conclusion. The appellant was obligated to pay as the installments matured, and the contract, by its terms, provided that his title to the property should become absolute on full payment. The contract neither provided for, nor contemplated, any additional evidence of title, and, conceding that the appellant may have been entitled to some form of cancellation of the contract from the fact that it had been placed of record, this right would arise only after the purchase price was paid. The obligation to pay and the obligation to cancel were not mutual, concurrent or dependent.

The tender after action was brought was insufficient because not made to the respondent nor any one representing the respondent. The money was left with a third person to be handed the respondent's attorney, and aside from the fact that the evidence fails to show that it was ever tendered him, even informally, the act itself was not a compliance with the formal rules of tender. But, more than this, the money tendered was not brought into court. It is true that we have held in actions of equitable cognizance, where the plaintiff must rely upon equitable principles to sustain his cause of action, that it is sufficient to plead willingness to pay without an actual bringing of the money into court. But the present action is a legal action, to which the plea of tender is a legal defense, and the rule cited is without application.

There is no reversible error in the record, and the judgment will stand affirmed.

PARKER, MOUNT, and MAIN, JJ., concur.