[No. 15232.   Department One.   July 23, 1919.]

UNION MACHINERY & SUPPLY COMPANY, *Appellant*, v. PAUL L. THOMPSON, *Respondent*.[1]

TENDER (10)—KEEPING TENDER GOOD.   In an action at law under the claim and delivery statute for a balance due or return of property conditionally sold, the plea and defense of tender before suit is bad unless the tender is kept good by bringing the money into court.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered August 16, 1918, in favor of the defendant, in an action of replevin, tried to the court. Reversed.

*Robert A. Eaton,* for appellant.
*Philip Tworoger,* for respondent.

MITCHELL, J.—Plaintiff, by a contract of conditional sale, transferred to defendant two donkey engines. The terms of the sale were part cash and the balance to be paid in stated amounts at specified dates. The larger part of the last payment being long overdue, plaintiff gave defendant written notice that, unless payment was made on or before a certain day, notice

[1]Reported in 182 Pac. 573.

of default would be served and steps taken to obtain possession of the property. Upon the expiration of the time limit thus fixed and nonpayment on the part of defendant, a written declaration ' of default and demand for the return of the engines was served upon defendant, and shortly thereafter this action in replevin was brought to recover possession of the property. The complaint is in the usual form under our practice in claim and delivery actions. Defendant, in his answer, denied many of the allegations of the complaint, and by way of affirmative defense, alleged that, prior to the declaration of default, he tendered to plaintiff the balance due on the contract. Plaintiff's reply denied the allegation of tender of payment. In his answer, defendant did not keep his alleged tender good, nor bring the money or any portion of it into court. A trial was had before the court sitting without a jury, and resulted in a judgment in favor of the defendant, from which the appeal has been taken.

The cause must be determined on the strength or the weakness of the defense of tender of payment. That the affirmative answer constituted no defense to the action was urged by objections at the trial, which were treated as a demurrer by the court and overruled. In regard to the alleged tender, there is a sharp conflict in the evidence, and, without deciding, we may assume, as did the trial court, that it was sufficiently established, and still it would be no defense to the action. In an action at law, such as this, there must be further allegation and proof of keeping the tender of payment good and of bringing the money into court. The record is silent as to both of these things.

Upon this subject, in the mortgage foreclosure case of *Murray v. O'Brien*, 56 Wash. 361, 105 Pac. 840, 28 L. R. A. (N. S.) 998, it was said:

"While at law the rule that a tender must be kept good by payment in court is well-nigh universal, it is not so in equity."

And, recently, in the case of *Vergonis v. Vaseleou,* 105 Wash. 441, 178 Pac. 463, which was an action in replevin at the instance of the vendor upon default of the vendee in payment of the purchase price of goods sold by a contract of conditional sale, wherein the defendant in his answer alleged tender of payment of the amount due, both prior to and after the commencement of the action, and also offered by his answer to pay such sum as the court should adjudge to be due, but did not bring into court the amount alleged to have been tendered, this court, after discussing the facts concerning the tender, said:

"But, more than this, the money tendered was not brought into court. It is true that we have held in actions of equitable cognizance, where the plaintiff must rely upon equitable principles to sustain his cause of action, that it is sufficient to plead willingness to pay without an actual bringing of the money into court. But the present action is a legal action, to which the plea of tender is a legal defense, and the rule cited is without application."

Appellant having proved its case and respondent having failed to establish any defense, the judgment is reversed with directions to the trial court to enter judgment for appellant.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MAIN, JJ., concur.