[No. 17076. Department Two. August 4, 1922.]

J. C. DARE, *Respondent*, v. MOUNT VERNON INVESTMENT COMPANY *et al., Appellants*, GEORGE A. GRANT *et al., Defendants.*[1]

SPECIFIC PERFORMANCE (47)—TENDER (10)—KEEPING GOOD. In an action for specific performance, it is not necessary to keep a tender good by paying it into the registry of the court, but it is sufficient if paid when directed by the court.

INJUNCTION (17)—PROPERTY—PROTECTION PENDING LITIGATION. Injunction lies against the payment of surplus money on mortgage foreclosure to the mortgagors, after their sale of the premises, pending a suit against them for specific performance of the contract of purchase, made prior to the foreclosure.

EQUITY (26)—DECREE—INCIDENTAL RELIEF—INJUNCTION. A court of equity, acquiring jurisdiction of the main purpose of the action, may grant such ancillary relief as to make the relief sought complete.

SPECIFIC PERFORMANCE (7)—PERSONS ENTITLED—PURCHASER BOUND TO PERFECT TITLE. Where a mortgage is foreclosed without making the assignee of a purchaser from the mortgagor a party, although the contract of purchase and assignment were recorded, the assignee may maintain an action for specific performance, even though he had sold the land by independent contract to another; since he is bound to perfect his title.

[1]Reported in 208 Pac. 609.

SAME (52)—RELIEF AWARDED—INCIDENTAL INJUNCTION. In such a case, the assignee is entitled to incidental relief restraining the mortgagors from disturbing the possession of one holding under the assignee.

Cross-appeals from an order of the superior court for King county, Smith, J., entered June 27, 1921, in favor of the plaintiff, granting a temporary injunction pending the hearing of an action for specific performance. Affirmed.

*Wright, Kelleher, Allen & Hilen,* for appellants Mac-Ginnitie.

*Coleman & Gable,* for appellant Mount Vernon Investment Company.

*H. A. M. Bonnar* and *C. W. Gilman,* for respondent.

MAIN, J.—This action was brought for the purpose of enforcing specific performance of a real estate contract, and incidentally for injunctive relief until the cause could be tried upon its merits. After the complaint was filed, an application was made for a show cause order as to why a temporary injunction should not be issued. The hearing upon this matter resulted in injunctive relief, restraining the defendant Mount Vernon Investment Company, a corporation, from taking possession of the property involved in the action, and restraining the clerk of the court from paying to the defendants J. C. MacGinnitie and wife the sum of $391.93, which was then in the registry of the court. From this order, the Mount Vernon Investment Company appeals, and MacGinnitie and wife prosecute a cross-appeal. As the cause is presented here, we can only review the injunctive order and no question upon the merits can be considered.

The facts out of which the controversy arose may be summarized as follows: On June 24, 1912, Mac-

Ginnitie and wife, being then the owners of lot 30, in block 9, of A. B. Graham's University Addition to the city of Seattle, mortgaged the same to the Puget Sound Mortgage Company for the purpose of securing the payment of a note in the sum of $1,700. On January 18, 1918, MacGinnitie and wife, by contract in writing, sold the property covered by the mortgage to J. L. Todd and wife. On June 3, 1920, Todd and wife assigned their contract of purchase to the respondent, J. C. Dare. On August 30, 1920, Dare sold the property, by independent contract and not by assignment of the original contract, to Josephine L. Sharp, and caused her to be placed in possession thereof. On February 21, 1921, the Puget Sound Mortgage Company sold and transferred the note and mortgage above referred to to the Mount Vernon Investment Company. This company, on or about April 6, 1921, began action to foreclose the mortgage, and on the 21st day of May thereafter, the property was sold and purchased by the Mount Vernon Investment Company for the sum of $2,213.50; the amount of the foreclosure judgment being $1,821.57, making a surplus of $391.93, which sum was paid into the registry of the court. The assignment of the MacGinnitie contract to Dare, the respondent, had been filed and recorded, but Dare and wife were not made parties to the foreclosure proceedings. Shortly after the property had been sold on foreclosure, the present action was brought by the respondent, claiming specific performance and to restrain the mortgage company from disturbing the possession of Josephine L. Sharp, and the clerk of the court from paying the $391.93 to MacGinnitie and wife, who were claiming the right to have such money paid to them.

Upon the appeal of MacGinnitie and wife, it is argued that the complaint does not state a cause of

action for specific performance because it does not allege a tender in accordance with the terms of the contract assigned by the MacGinnities, and that such tender had been kept good. This is an equitable action and the complaint alleges a tender. It was not necessary that this be kept good by paying it into the registry of the court, but it is sufficient if the money is paid in when directed by the court to be so paid. *Vergonis v. Vaseleou,* 105 Wash. 441, 178 Pac. 463. But it is said the tender was not made in accordance with the terms of the contract. The contract provided, speaking generally, that, when the amount of the purchase price should have been reduced so it equalled that of the mortgage, the purchasers from the MacGinnities should be entitled to a deed by the assumption of the mortgage. At the time the foreclosure judgment was entered, there was due on the contract the sum of $2,008.87, and the foreclosure judgment was for the sum of $1,828.86, leaving a balance of $180.01; this latter sum being the amount of the tender. The appellants claim that the tender was not in sufficient amount because it does not include the amount of the costs which were included in the foreclosure judgment. Here is the dispute between the parties. The appellant claims that the tender should have included this sum, and the respondent that it was only required to meet the terms of the contract to pay the difference between the foreclosure judgment and the amount due on the contract. While this action was pending, it was proper for the court to restrain the clerk from paying to the MacGinnities the sum of $391.93. Where a court of equity acquires jurisdiction of the main purpose of an action it has the right to grant such ancillary or incidental relief as will be necessary to make the relief sought complete. *Hayes v. O'Brien,* 149 Ill. 403, 37 N. E. 73, 23 L. R. A. 555.

It is said, however, that, even though the complaint states a good cause of action for specific performance, injunctive relief should not have been granted because the Mount Vernon Investment Company could not claim a larger sum due it as against the respondent than the amount due had there been no foreclosure. It seems to us that this question goes to the merits and should not now be determined.

Upon cross-appeal of the Mount Vernon Investment Company, it is claimed that it was error to restrain that company from entering into possession of the property, since it held under a judgment of foreclosure. This contention overlooks the fact that Dare was not made a party to the foreclosure proceeding even though he held under an assignment of the contract made to the MacGinnities, the mortgagors, and this contract and assignment were of record. Dare and wife had sold the property to Josephine L. Sharp, and were under obligation under that contract, when sufficient payments had been made, to issue her a deed. Even though Dare and wife had sold the property by independent contract, they still had the right, when they had complied with its terms, to enforce specific performance of the contract which passed to them from the MacGinnities through intermediate parties by assignment. *Bittrick v. Consolidated Imp. Co.,* 51 Wash. 469, 99 Pac. 303.

While the action was pending and undisposed of, the court did not err in restraining the mortgagors from disturbing the possession of one who held under contract from the Dares, who were not parties to the foreclosure.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.