[No. 18689. Department Two. December 30, 1924.]

JEANETTE O'NEILL, *Respondent*, v. R. G. DUNNING *et al.*, *Appellants.*[1]

APPEAL (454)—HARMLESS ERROR — EVIDENCE — FACTS OTHERWISE ESTABLISHED. Error in the admission of evidence in an action tried to the court is harmless where there was other sufficient evidence to sustain the findings.

PARTNERSHIP (36)—LIABILITY—SALES—DELIVERY—EVIDENCE—SUFFICIENCY. There was sufficient proof of a sale of goods to a partnership, where it appears that, shortly after the first deliveries to one party, the individual account was transferred to the partnership for which they were purchased, and a witness testified they were sold to the firm.

SAME (43) — LIABILITY — UNDISCLOSED PARTNERSHIP. An undisclosed partner is liable for goods sold to the partnership, though the relation was unknown to the seller at the time of the sale.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered March 19, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Vance & Christensen,* for appellants.

*John S. Lynch,* for respondent.

PEMBERTON, J. — Respondent secured judgment against appellants in the amount of $548.12 for gro-

[1]Reported in 231 Pac. 449.

ceries, logging tools and implements sold to appellants, from which judgment this appeal is taken.

Some time prior to the 19th day of March, 1923, the appellant Joseph A. Patnude and one R. G. Dunning were copartners doing business under the name of Dunning & Patnude, engaged in the logging business near Shelton, Washington. The complaint of respondent alleges that, between the 19th day of March, 1923, and the 11th day of July, 1923, she sold to the copartnership goods, wares and merchandise in the value of $570.54. The appellants denied the allegation of the complaint and alleged that whatever goods, wares and merchandise were sold were sold to one R. G. Dunning in his individual capacity and not to the copartnership.

The first assignment of error made by appellant is that the court erred in admitting in evidence an itemized account against appellants containing items sold from March 19, 1923, up to and including July 11, 1923. To the admissibility of these accounts the appellants objected as follows: "We object to it as not proper record. He testified he has the original books and he claims he didn't make this up himself." There was also an objection to the admissibility of exhibit "B," shown to be the original ledger sheet. This being a trial before the court without a jury, there can be no reversible error for the admission of these accounts into evidence. If there is other sufficient evidence to support the findings of the trial court the judgment should be sustained.

The appellants further insist that their motion for a nonsuit at the close of respondent's case should have been granted on the ground that there was no proof of sale or delivery of the goods in question to the copartnership.

Appellants claim that the supplies purchased from respondent were purchased by Dunning alone, and the testimony shows that, at the time of the purchase, the account upon the books of respondent was in the name of R. G. Dunning; that Dunning lived at the camp with his family and had received all the goods sold by respondent. The testimony, however, shows that, within a month after the opening of the account, it was learned that the goods were purchased for the partnership and the account was changed into the name of Dunning & Patnude; that the first bill of goods was delivered at the logging camp, and, after the logging camp was closed down, the appellant arranged with respondent to have certain goods, logging supplies and equipment returned to respondent and credited upon the account. Appellant admitted that a portion of the supplies and goods sold were delivered by him to the logging camp in his automobile, and appellant stated at that time that he had purchased a lot of timber at that place and that Dunning was working out his interest in a joint proposition. He testified as follows:

"Q. And you say you don't know what became of those goods, what they were used for? A. They were used for Dunning. Q. What did Dunning do with them, did he eat all the groceries himself? A. Him and the fellows he had out there. Q. Who was paying the men that were out there? A. Well, he and I paid some of them. Q. You were carrying on the financial responsibility to a great extent weren't you? A. Those that got paid."

One witness, D. J. O'Neill, testified that he personally sold the merchandise mentioned in these exhibits to the appellants. He also testified that he saw his bookkeeper make the copy from the original entry of the ledger account and knew that it was a correct copy.

From reading the testimony we are satisfied that there is sufficient proof of the sale and delivery of the goods to the appellants. The motion for nonsuit was properly denied.

Appellants contend that the ledger record of the account sold did not contain the name of one of the partners, Mr. Patnude, when the account was originally opened and his name was later written in upon the ledger. The testimony establishes the fact that Mr. Patnude was in fact a partner at the time of the purchase of the goods. This being true he would be held for the purchase price of the goods sold to the partnership, even though this partnership relation was unknown to respondent at the time of the purchase. *Pacific Drug Co. v. Hamilton*, 71 Wash. 469, 128 Pac. 1069.

The judgment of the trial court will be affirmed.

MAIN, C. J., FULLERTON, and PARKER, JJ., concur.