### CIMOS ANGELIS v. TARPON SPRINGS SPONGE PRODUCERS ASSN.

149 So. 630.
Opinion Filed August 9, 1933.

*J. C. Davant* and *Archie Clements,* for Appellant;
*Phillips & Thompson,* for Appellee.

PER CURIAM.—Tarpon Springs Sponge Producers Association, Inc., a private corporation for profit, was granted an interlocutory injunction against the appellant, Cimos Angelis, to restrain him, until further order of the Court, from selling, encumbering or otherwise disposing of certain sponges described in the bill of complaint, that it is alleged defendant, Angelis, had produced and placed in certain stalls in the Tarpon Springs Sponge Exchange, but which, so the bill alleges, the defendant was about to sell and dispose of to a third party in violation of his alleged written

contract with complainant to market same only through complainant's agency, under the written contract.

The appeal is solely from the order granting the temporary injunction as to sponges already *in esse*. And the injunction awarded relates solely to the sponges that are alleged to be subject to the written contract on Angelis which forms the basis of the bill filed by the other party to that contract.

The contract relied on, at least as applied to the sponges already on hand, as described in the bill, is not void nor unenforceable on its face. So the allowance of a temporary injunction to preserve the status of the parties under the contract with reference to such sponges, was not improvidently ordered. No other question than the propriety of allowing the temporary injunction is properly presented, nor can the other questions argued on this hearing be determined on this appeal, which is solely from the order allowing the temporary injunction. Masser v. London Operating Co., 106 Fla. 474, 145 Sou. Rep. 72; City of Jacksonville v. Giller, 102 Fla. 92, 135 Sou. Rep. 594. The order appealed from is therefore affirmed and the cause remanded for further proceedings according to equity practice.

Affirmed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.