[No. 30612. Department One. November 18, 1948.]

DANIEL E. DYGERT et al., Respondents, v. HANS W. HANSEN et al., Appellants.[1]

*Simmons & McCann,* for appellants.

*Walthew & Gershon* and *Charles F. Warner,* for respondents.

[1]Reported in 199 P. (2d) 596.

HILL, J.—At all times material to a determination of the issues raised on this appeal, Frank L. Wilson and Hans W. Hansen were members of a copartnership doing business as the Barbara Fishing Company, and owned the fishing vessel "Barbara." Hansen had no experience in the fishing industry and left all details concerning the outfitting and operation of the "Barbara" to Wilson.

It is conceded that the seven respondents had no dealings with anyone except Wilson. They were employed by him with the understanding that they were to go halibut fishing on the "Barbara" (except Clyde O. Haglund, whose status will be discussed later); and they were to be compensated for their work in preparing the "Barbara" and her gear for the fishing season and for their services as fishermen during the season, by a certain share of the proceeds of the season's catch. However, just as the respondents completed the preparation of sixty scates of halibut gear, the "Barbara" and the gear disappeared; Wilson left the respondents "on the beach" and took the "Barbara" to Alaska on a fishing expedition.

Since compensation under their contracts of employment was thus rendered impossible, the respondents, except Dygert, were permitted to recover at the rate of $1.50 an hour for the time they testified they had worked on the "Barbara" and the halibut gear. Exclusive of Dygert, their total recovery was $1,135.50.

Dygert sought recovery on the basis of an express contract to pay him $1.50 an hour for the time spent in preparing the "Barbara" and gear for the fishing season, securing additional help, and superintending the work of the other respondents, practically all of whom were inexperienced. He testified that he would not have accepted that employment for that wage if it had not been for the fact that he was to have the opportunity to go fishing on the "Barbara" and to have the additional compensation of his share of the catch. He testified that his work was worth two dollars an hour, and he was permitted to recover on a basis of 246 hours at that rate, less two hundred dollars previously paid to him.

The judgment for each respondent against both Wilson and Hansen and their respective communities was as follows:

| | |
|---|---|
| Daniel E. Dygert | $292.00 |
| Herbert N. Harris | 289.50 |
| Clyde O. Haglund | 45.00 |
| John R. Bowers | 225.00 |
| Larry A. Morton | 198.00 |
| Norman E. Dorland | 234.00 |
| Sidney E. Strong | 144.00 |

Mr. and Mrs. Hansen alone appealed. We will hereafter refer to Mr. Hansen as though he were the sole appellant.

██ The appeal as to respondents Haglund, Morton, and Strong must be dismissed, for the reason that the amount in controversy in the case of each of them is less than the jurisdictional amount required on appeal. See constitution, Art. IV, § 4; *Smaby v. Shrauger*, 9 Wn. (2d) 691, 115 P. (2d) 967. No motion was made to dismiss the appeal as to these respondents, but we can and should dismiss an appeal on our own motion when the lack of jurisdiction is apparent. *Pattison v. Walker*, 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20; *State ex rel. Kinney v. Chapman*, 21 Wn. (2d) 737, 152 P. (2d) 978.

Appellant's first contention is that, under the agreement between himself and Wilson, it was the latter's responsibility to furnish gear of the value of four thousand dollars for the "Barbara," and that Wilson alone was liable for the work done on the gear; and that, in any event, the gear which respondents made up was three times as much as could be used on the "Barbara," and two thirds of it was intended for other vessels in which Hansen had no interest.

██ Wilson was clearly the managing partner, and any obligation which he incurred in furtherance of the partnership activities fastened liability upon all the partners, known or unknown. Rem. Supp. 1945, § 9975-48 (1); *Pacific Drug Co. v. Hamilton*, 71 Wash. 469, 472, 128 Pac. 1069; *O'Neill v. Dunning*, 132 Wash. 138, 141, 231 Pac. 449; *Collyer v. Egbert*, 200 Wash. 342, 93 P. (2d) 399. Any work done in preparing the "Barbara" and her gear for the fishing season obviously

was in furtherance of the partnership activities, despite the fact that, as between the partners, Wilson was responsible for the gear.

It is true that more gear was prepared than would be used on the "Barbara," but all the material from which the gear was made was charged to the "Barbara," and the evidence establishes that it was paid for by the partnership or by the appellant. All the work of preparation of the gear, save that of respondents Dygert and Haglund, was to have been paid by the shares which the respondents would receive for fishing on the "Barbara."

All the gear and the "Barbara" disappeared just after appellant had acquired Wilson's interest in the "Barbara" and the partnership. (This disappearance is not to be construed as a reflection upon appellant, for, having confidence in Wilson, he left him in complete charge of the "Barbara" and her operations until after the trip to Alaska heretofore referred to.) There is no evidence as to what became of the gear, except that when appellant sold the "Barbara" he sold her with her "gear and everything," and that some additional gear belonging to the partnership was sold to another company. We think there can be no question but that the materials on which respondents worked in making up the gear belonged to the partnership; and, if the partnership or appellant Hansen did not get the benefit thereof, that became a matter of accounting between Wilson and himself.

Appellant argues that there were four other men who did the same kind of work as the respondents; that there were accommodations for only six aboard the "Barbara"; and that, therefore, they could not all have expected to go fishing on the same boat. The answer is that there is nothing in the record to show the agreement or understanding with the other four men, except testimony by respondent Dygert that Wilson had agreed that, if additional vessels were not secured, he and two men identified only as "Bud" and "Ray" "would themselves go on the beach and let us fish the Barbara."

The evidence shows that only five of the respondents other than Dygert claimed to have performed services in

anticipation of the shares they were to receive from the operation of the "Barbara." The other respondent, Clyde O. Haglund, who significantly was the last of the men to be employed, testified that he did not know whether he was hired for any specific boat. It would seem that the finding that he expected to be compensated for his services by a share of the profits from the operation of the "Barbara" is not supported by the evidence; but, for the reason previously indicated, there is no right of appeal from the judgment for forty-five dollars in his favor.

 Appellant urges that, if he is liable to the respondents, the trial court erred in its allocation and computation of damages, because the value of the sixty scates of halibut gear made up by the respondents did not exceed six hundred dollars. That value is established not only by appellant's witness Alfred Howe but by respondent Dygert, who testified that an experienced fisherman could make up a scate of halibut gear in four or five hours. In addition to the judgment in the amount of $292 in favor of Dygert, the appellant is called upon to pay $1,135.50 to the other six respondents for six hundred dollars' worth of halibut gear. To make matters worse, from the standpoint of the appellant, that gear was to have been furnished by Wilson as part of his contribution to the partnership; and, in any event, it is doubtful whether the boat in which appellant was interested, *i.e.*, the "Barbara," ever had the use of more than one third of that gear.

However much we may sympathize with the appellant, we can give him no relief on this appeal. We do not have here a situation in which the benefit to the partnership is the measure of the amount the respondents were entitled to recover. We are here concerned with an express contract to perform certain services for a share in the profits of the operation of a fishing boat owned by the partnership, which contract was breached and complete performance of which was made impossible by the act of Wilson, which act was, in law, the act of the partnership.

We have no doubt that, if the "Barbara" had enjoyed a successful season, the respondents would have asked the

share of the profits which they lost by reason of the breach of their contract of employment; but, since the "Barbara" operated at a loss instead of a profit, they all (except Dygert, who claims two dollars an hour) ask for $1.50 an hour for time put in working for the partnership, as damages for the breach of their contract.

While that is not the theory of respondents' complaint, it is the theory on which the findings, conclusions, and judgments are predicated. The reasons justifying such a recovery are admirably set forth in *Bookhout v. Vuich,* 101 Wash. 511, 172 Pac. 740.

While appellant deprecates the character of the evidence by which the respondents established their hours of labor and their rates of pay, he does not specifically challenge the findings of the trial court on those issues other than by his untenable suggestion that the measure of damages for the breach of the contract by the partnership was the benefit which the partnership received from the labor of the respondents. In the absence of any specific challenges, and the findings being supported by some evidence, the conclusions and the judgments based thereon are proper.

The judgments obtained by respondents Dygert, Harris, Bowers, and Dorland are affirmed; and, as previously indicated, the appeal is dismissed as to respondents Haglund, Morton, and Strong.

MALLERY, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.