[No. 33847. Department Two. February 21, 1957.]

ORIN RALPH DUDLEY, JR., et al., Respondents, v. JACK WAITE MINING COMPANY et al., Appellants.[1]

*Harroun & Shidler (George W. McBroom*, of counsel), for appellants.

*Peyser, Cartano, Botzer & Chapman* and *Robert A. O'Neill*, for respondents.

PER CURIAM.—This is an appeal from a temporary injunction.

Respondents, stockholders of appellant Arizona corporation, brought a civil action to enjoin appellant and its officers from rejecting proxies held by the respondents for the annual meeting. A temporary restraining order issued, which, after hearing, was converted into an injunction *pendente lite*, and so far as material is set out in the margin.[2]

---

[1] Reported in 307 P. (2d) 281.

[2] "ORDERS, ADJUDGES AND DECREES that the defendants, Terhune, Gaumnitz and the corporation, be and they are hereby restrained and enjoined during the pendency of the above entitled action from rejecting the proxies deposited with the Secretary of the corporation on or about 2:45 p. m. Monday, April 9, 1956 as being untimely filed."

Only one of appellants' four assignments of error need be considered, that is, that the court erred in assuming jurisdiction over the internal affairs of a foreign corporation.

Although organized under Arizona law, the only office of the corporation is in Seattle, Washington, where all its officers reside.

■ The law respecting the jurisdiction over internal affairs of a foreign corporation was reviewed in *Grismer v. Merger Mines Corp.*, 43 Fed. Supp. 990, and the conclusion reached that such jurisdiction was discretionary. The appellant so admitted in oral argument. It cannot be said that the trial court abused its discretion.

■ This appeal does not reach the merits. In passing upon the propriety of a preliminary injunction, an appellate court will not determine the merits in advance of trial. Affirmance of a temporary injunction is no intimation of what the final judgment, after trial, should be. *Dare v. Mount Vernon Inv. Co.*, 121 Wash. 117, 208 Pac. 609; *Beech v. United States Fidelity & Guaranty Co.*, 54 Idaho 255, 30 P. (2d) 1079, 92 A. L. R. 264; *Lea v. Vasco Products*, 81 F. (2d) 1011; *Cooke v. State Highway Department*, 158 S. C. 63, 155 S. E. 228; *Angelis v. Tarpon Springs Sponge Producers' Ass'n*, 111 Fla. 740, 149 So. 630; *French Art Cleaners v. State Board of Dry Cleaners*, 91 Cal. App. (2d) 890, 206 P. (2d) 25; High on Injunctions, 1643, § 1696; 27 Cal. Jur. (2d) 109, Injunctions, § 8; 5 C. J. S. 98, § 1465.

The record has been reviewed, and it is sufficient for present purposes to say that the court was warranted in enjoining the appellants from rejecting the proxies until the merits could be tried in the regular course. The temporary injunction herein does no more and is affirmed.