[No. 34607. Department Two. December 4, 1958.]

DON KENNEDY et al., *Appellants*, v. REAL ESTATE SALESMEN
LOCAL 154A et al., *Respondents*.[1]

*Peyser, Cartano, Botzer & Chapman, Stephen C. Watson,*
and *William H. Botzer*, for appellants.

*Bassett, Davies & Roberts (George H. Davies* and *Richard
P. Donaldson*, of counsel), for respondents.

PER CURIAM.—Appellants, plaintiffs below, who engage
in a general real-estate business, appeal from an interlocu-
tory order denying their application for a temporary in-
junction pending trial.

Appellants, brothers and partners, sued to enjoin the
respondent labor union, Real Estate Salesmen Local 154A,
a division of Trucking and Equipment Clerks, Report
Clerks and Clerical Employees, Local Union No. 154, from
picketing their office. On November 20, 1957, an *ex parte*
restraining order prohibiting the pickets issued, and re-
spondents were ordered to show cause why a temporary
injunction *pendente lite* should not issue.

Thereafter this matter was heard upon both affidavits and

[1]Reported in 332 P. (2d) 939.

oral evidence. Respondents offered at this hearing to consider the trial upon the merits, but appellants refused. The principal dispute was whether appellants' salesmen, eleven in number, were employees or independent contractors. Upon this point, the evidence was in sharp conflict, but the court found them to be employees. That finding is:

"While the relationship between plaintiffs and their real estate salesmen has some aspects of independent contract relationship, this is true only because of the nature of the real estate brokerage business; but they are, nevertheless, employees within the meaning of R.C.W. 49.32.010 *et seq.,* R.C.W. 49.36.010 and R.C.W. 49.36.020."

No useful purpose would be served by narrating the evidence, for it is sufficient to say that it was in sharp conflict upon all material issues.

The court, on January 17, 1958, made findings of fact denying a temporary injunction and dissolved the temporary restraining order. Defendants' answer was served December 11, 1957, and filed December 14, 1957, but appellants have done nothing to bring the case on for trial. The most we could do is to temporarily enjoin the acts complained, pending the trial, to prevent irreparable damage in the interval. Had the case been timely noticed for trial, it could have been tried before now, and the instant appeal rendered moot.

While Rule on Appeal 14 (3), 34A Wn. (2d) 20, authorizes an appeal from an order granting or denying a temporary injunction, nevertheless, an appeal from an order denying a temporary injunction is authorized only if there is a finding of insolvency of the party sought to be enjoined. There is no such finding here.

This is a constitutional court created by the Washington constitution, Art. IV, and its jurisdiction, both original and appellate is derived from Art. IV, § 4. Assuming for present purposes, without so deciding, that the legislature could validly authorize an appeal from an interlocutory order denying or granting a temporary injunction in a suit involving a labor dispute, as it has attempted to do in RCW 49.32-

.080, that does not mean that we should decide the merits of such a controversy in advance of trial.

Moreover, § 2 of the rule-making act (RCW 2.04.200; Laws of 1925, Ex. Ses. chapter 118, § 2, p. 187) provides:

"When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect."

In the view taken on this appeal, it is unnecessary to decide whether RCW 49.32.080 has been abrogated by Rule on Appeal 14 (3), *supra.*

■ Under such circumstances, we will not decide the merits of the controversy in advance of trial.

In *West Coast Imp. Co. v. Winsor*, 8 Wash. 490, 36 Pac. 441, we said:

". . . . In view of these considerations, the appellate court should upon appeals from preliminary orders of this kind refuse to disturb the facts upon which the trial court proceeded, if the proofs are such that they may be said to have fairly warranted such a determination, even although, upon a final consideration, this court would feel obliged to find differently upon the same proofs. . . ."

We recently re-examined this question in *Dudley v. Jack Waite Mining Co.*, 49 Wn. (2d) 867, 307 P. (2d) 281, and announced the same conclusion in the following words:

"This appeal does not reach the merits. In passing upon the propriety of a preliminary injunction, an appellate court will not determine the merits in advance of trial. Affirmance of a temporary injunction is no intimation of what the final judgment, after trial, should be. *Dare v. Mount Vernon Inv. Co.*, 121 Wash. 117, 208 Pac. 609; *Beech v. United States Fidelity & Guaranty Co.*, 54 Idaho 255, 30 P. (2d) 1079, 92 A. L. R. 264; *Lea v. Vasco Products*, 81 F. (2d) 1011; *Cooke v. State Highway Department*, 158 S. C. 63, 155 S. E. 228; *Angelis v. Tarpon Springs Sponge Producers' Ass'n*, 111 Fla. 740, 149 So. 630; *French Art Cleaners v. State Board of Dry Cleaners*, 91 Cal. App. (2d) 890, 206 P. (2d) 25; High on Injunctions, 1643, § 1696; 27 Cal. Jur. (2d) 109, Injunctions, § 8; 5 C. J. S. 98, § 1465."

The order is affirmed.