[No. 36025. *En Banc.* January 12, 1962.]

MARION RICHARDS HAIR DESIGN, INC., *Respondent,* v. JOURNEYMEN BARBERS, HAIRDRESSERS, COSMETOLOGISTS & PROPRIETORS INTERNATIONAL UNION OF AMERICA LOCAL 195-A *et al., Appellants.**

*Vance & Goodin* and *R. Max Etter,* for appellants.

*Kumm, Maxwell, Petersen & Lee,* by *F. Robert Lee,* for respondent.

PER CURIAM. — Plaintiff, a corporation (two principal stockholders and five employees are former members of defendants' union) commenced this action against Journeymen Barbers, Hairdressers, Cosmetologists & Proprietors International Union of America Local 195-A and its business agent to enjoin defendants from picketing plaintiff's place of business and to recover damages, as plaintiff might thereafter amend its complaint.

*Reported in 367 P. (2d) 806.

Defendants appeal from an "Injunction Pendente Lite"[1] that enjoins them from picketing plaintiff's place of business and from coercing plaintiff's employees to become members of defendants' union against their will,

". . . Provided, that nothing herein shall prevent the defendants from continuing the Plaintiff on the 'Unfair List.' "

At the time of the hearing, defendants had not filed an answer; no witnesses were sworn; the matter was presented on affidavits.

■ Our disposition of this appeal is governed by the *rationale* of *Dudley v. Jack Waite Mining Co.*, 49 Wn. (2d) 867, 868, 307 P. (2d) 281 (1957), in which the court said:

"This appeal does not reach the merits. In passing upon the propriety of a preliminary injunction, an appellate court will not determine the merits in advance of trial. Affirmance of a temporary injunction is no intimation of what the final judgment, after trial, should be. [Citing cases.]"

See also *Kennedy v. Real Estate Salesmen Local 154A*, 53 Wn. (2d) 223, 332 P. (2d) 939 (1958).

■ Counsel have misinterpreted the scope of our review in the present posture of the instant case. The rule was announced in *Isthmian S. S. Co. v. National Marine Engineers' Beneficial Ass'n*, 41 Wn. (2d) 106, 117, 247 P. (2d) 549 (1952).

"Granting or withholding of a temporary injunction is addressed to the sound discretion of the court, to be exercised according to the circumstances of the particular case. *Blanchard v. Golden Age Brewing Co.*, 188 Wash. 396, 63 P. (2d) 397. . . ."

No error has been assigned to the findings of fact. We examined and reviewed the record only for the purpose of

[1]Both counsel have treated the order as a temporary injunction and thus appealable under Rule on Appeal 14(3), RCW, Vol. 0, even though the complaint, motion for restraining order, and order to show cause refer to a "restraining order *pendente lite*" rather than to a temporary injunction. For the purpose of this opinion, we accept counsel's designation. See also *Davis v. Gibbs*, 39 Wn. (2d) 180, 234 P. (2d) 1071 (1951).

determining if the trial judge had abused his ` discretion when he granted the injunction *pendente lite*. It is apparent that the trial court balanced the equities of the respective parties and concluded that defendants would not sustain serious harm if the picketing was enjoined pending the final determination of the action; whereas, plaintiff is threatened with the disruption of its business. This determination goes no further than the preservation of the *status quo* until the issues are ultimately resolved, after they are framed by the pleadings, and evidence is submitted on the merits. It is not an "intimation of what the final judgment, after trial, should be."

We cannot say that the trial judge abused his discretion.

The injunction *pendente lite* is affirmed.