[No. 39072. Department Two. December 14, 1967.]

EUGENE R. NIELSON et al., Appellants, v. KING COUNTY et al., Respondents.*

Eugene R. Nielson, for appellants.

Charles O. Carroll, James E. Kennedy, and J. Hartly Newsum, for respondents.

DONWORTH, J.—This action was instituted by Eugene R. Nielson and his wife against King County and its county engineer to recover $150 damages[1] to their real property

*Reported in 435 P.2d 664.

---

[1] It is to be noted that, if it were not for appellants' prayer for a mandatory injunction directing the county to abate an alleged nuisance, this court would not have jurisdiction to entertain this appeal. This result follows from the fact that this is a constitutional court, created by the Washington Constitution, article 4, and its jurisdiction, both original and appellate, is derived from article 4, section 4. Kennedy v. Real Estate Salesmen Local 154A, 53 Wn.2d 223, 332 P.2d 939 (1958).

Article 4, section 4 of our constitution provides that this court shall have appellate jurisdiction in all actions and proceedings, excepting:

(owned by them and on which they reside), allegedly caused by an obstruction to the natural flow of Clough Creek. Plaintiffs Nielson further seek a court order enjoining defendants to remove the unlawful obstruction they maintain in the watercourse as described in the complaint, on the theory that it constitutes a nuisance.

It is alleged in the complaint in paragraphs 2 and 6 as follows:

2. Defendant County unlawfully maintains an obstruction to the natural flow of Clough Creek where said watercourse interesects that certain road denominated 415 Avenue South East (a/k/a South Fork Road) in the Southwest quarter of the Southeast quarter of Section 16, Township 23 North, Range 8 East, W. M., approximately 1.8 miles southeast of North Bend. This obstruction is in the form of three concrete culverts placed in said road which are inadequate to handle the natural flow of said stream which flows through and under said road. On November 30, 1964, and again on January 29, 1965 and January 30, 1965, this obstruction caused the diversion of water from said stream upon plaintiffs' land described in paragraph 1 above, which abuts said creek at said intersection, causing erosion of land, erosion of driveway gravel, and deposit of silt upon claimants' lawn.

. . . .

6. Plaintiffs, as riparian owners, are entitled in addition to the money damages set out in paragraph 3 above, an order of the Court enjoining defendants to remove the

". . . that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property does not exceed the sum of two hundred dollars ($200) unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute."

Therefore, this court is without jurisdiction to entertain an appeal where the amount in controversy is less than two hundred dollars, *Dygert v. Hansen,* 31 Wn.2d 858, 199 P.2d 596 (1948), *Green v. Nichols,* 40 Wn.2d 661, 245 P.2d 468 (1952), and such an appeal will be dismissed on our own motion. *Kerr v. King Cy.,* 42 Wn.2d 845, 259 P.2d 398 (1953).

We have held, however, that this constitutional limitation as to the amount involved does not apply in equitable proceedings. *Schmelling v. Hoffman* 124 Wash. 1, 213 Pac. 478 (1923), and cases cited therein.

unlawful obstruction of the watercourse described in paragraph 2 above for the reason that said obstruction constitutes a nuisance which plaintiffs may have abated and on the further ground that plaintiffs' remedy at law is inadequate, and equitable relief by way of enjoined removal is proper in order to relieve plaintiffs from filing a multitude of damage actions in the future.

The answer of defendants (herein referred to as the county) admitted that it was maintaining three concrete culverts to convey the natural flow of the creek under the county road in proximity to plaintiffs' property, and that the latter are riparian landowners. The county denied the remaining allegations of the complaint and affirmatively alleged that the damage to the plaintiffs' property "is the direct consequence of an act of God."

At the trial, each party presented evidence including the testimony of 9 witnesses and 26 exhibits (mostly pictures and maps of the area).

After the trial was concluded, the court entered 14 findings of fact and 5 conclusions of law. In accordance therewith, the court entered its judgment, which recited that the defendants having been found not liable, the plaintiffs' complaint be dismissed with prejudice.

Plaintiffs have appealed from that judgment to this court.

The trial court found that, since 1949, the county had maintained 3 culverts under the county road near the southwest corner of appellants' property where the road crosses Clough Creek. As the result of heavy rains occurring in the watershed area of the creek for 8 days preceding and including November 30, 1964, a substantial amount of debris[2] (including gravel, large pieces of wood, logs, and

---

[2]The extreme amount of debris in this instance appears to have been the result of a landslide in the watershed area. There is no evidence in the record of a previous slide of similar nature and extent. Nor is there any evidence that any action or failure to act on the part of the county in any way contributed to the landslide or the presence of excessive debris in the stream. This factor distinguishes the present case from many of those cited by appellant involving flooding resulting from logging operations.

branches) came down from the watershed area, filling up the reservoir of the city of North Bend, which is located approximately one quarter mile upstream from appellants' property. Some of this debris flowed over the retaining wall of the reservoir down the creek toward appellants' property, forming dams or jams which sometimes created overflowing of the creek's floodwater which resulted from the heavy rains.

Findings Nos. 6 and 7 stated:

6. That the debris coming down from the watershed area was of an unprecedented nature and quantity, the result of the forces of nature, and for which King County was not responsible.

7. That the cause of the flooding of the creek on November 30, 1964 was the result of the unprecedented quantity and nature of debris in the creek.

With respect to the flooding which occurred on January 29 and 30, 1965, the trial court found that, for 8 days preceding that time, heavy rains occurred in the area, and that heavier rains had occurred in prior years.[3]

In findings Nos. 9, 10, and 11, the court found:

9. That beginning the 29th of January 1965 to about noon the 30th of January 1965 there occurred flooding of the creek near the same junction of the creek and the county road which abated when the flood waters receded by the clearing of the culverts.

10. That the cause of the flooding of January 29 and 30, 1965 was a picket fence and large rock with similar debris which clogged one of the culverts thereby reducing the flow of water through the culverts by one third.

11. That agents of the county were employed and engaged to abate the flooding at the point of the culverts at both times of flooding, in November 1964 and again in January 1965.

The last two findings stated:

13. That the existing culverts are adequate to carry the flood waters of the creek.

---

[3]Flooding of this area apparently occurred in 1949 just after the county placed culverts beneath the road. However, the county made changes in the culverts and bank, and no difficulties of this nature were experienced for the next 15 years (*i.e.* until the flooding on November 30, 1964).

14. That King County has not diverted the waters from Clough Creek.

Appellants have assigned error to portions of the findings of fact, to all of findings Nos. 6 and 7, quoted above, and to the court's conclusions of law Nos. 2 through 5.

■ We have held innumerable times that we will not substitute our evaluation of the evidence for that contained in the trial court's findings. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959), *Sigman v. Stevens-Norton, Inc.*, 70 Wn.2d 915, 425 P.2d 891 (1967), *Sander v. Wells*, 71 Wn.2d 25, 426 P.2d 481 (1967).

In the present case, there was substantial evidence to support the findings to which error has been assigned, and hence we accept them as verities.

Appellants, in their brief, after citing several of our former decisions relating to flooding, state:

Appellants respectfully submit that defendants by placing and maintaining the culverts are responsible, not only should the culverts themselves, in an unplugged state, cause diversion of water over the flood banks of the stream and upon appellants' land, but also if said culverts collect debris which further obstructs the natural channel and causes such an overflow. In support of this position appellants have been unable to find any holding or dicta on the specific point by this Court. It is submitted, however, that the holdings of this Court above cited by logical deduction support this contention. The Courts of other states have dealt with this precise point and have ruled that the placing of an obstruction of such a nature which causes debris to accumulate, which would not otherwise have accumulated at the point of the obstruction and which causes diversion, is actionable both with or without proof of negligence.

We would find ourselves in agreement with the holdings alluded to by appellants if the debris which so accumulated was a part of what might be termed the natural state of the stream, or where the presence of such debris was reasonably foreseeable. Clearly, a certain amount of debris is normal in such streams as that involved in this case.

Appellants, in their brief, recognize the distinction to which we refer. They state that:

The dispositive factual question seems to be whether the debris which clogged the culverts was a part of the natural flow.

Appellants' position seems to be that the debris which resulted from the landslide and which clogged the culverts was a part of the natural flow of the stream. We do not agree.

█ It is clear that the county would not be liable for flooding which resulted from acts of God or the happening of events not reasonably foreseeable. *Harkoff v. Whatcom Cy.*, 40 Wn.2d 147, 241 P.2d 932 (1952). The burden of proving foreseeability was on appellants.

The culverts in their present state had never caused flooding of the creek before the times here complained of. For approximately 15 years, they had proven adequate to carry the waters of Clough Creek, including the "normal" debris found therein, without mishap. As the trial court stated in its conclusion of law No. 2:

[T]he plaintiffs have not shown by a fair preponderance of the evidence that the culverts maintained by the county are inadequate . . . .

We are satisfied, as was the trial court, that no flooding would have occurred at the times complained of but for the very excessive amount of debris, suddenly and unexpectedly deposited in the stream by the landslide which occurred above the North Bend reservoir in 1964.

█ We are also in agreement with the trial court's conclusion regarding the injunctive relief sought by appellants. It is clear that when relief by temporary or permanent injunction is sought, the one asking such relief must show a well-grounded fear of invasion of a right, and the acts complained of must establish an actual and substantial injury or an affirmative prospect thereof. *King Cy. v. Port of Seattle*, 37 Wn.2d 338, 223 P.2d 834 (1950).

In the present case, appellants have shown no harm to their property for which the county may be held responsible, nor have they established that, unless the injunctive relief they seek is granted, additional damage of a substan-

tial nature will be incurred by them. We find nothing in the arguments advanced by appellants or in the cases cited by them which compels us to a different conclusion in this case.

We, therefore, conclude that the judgment of the trial court dismissing appellants' complaint for damages and denying the injunctive relief sought should be, and the same is, hereby affirmed.

FINLEY, C. J., HUNTER and NEILL, JJ., and WARD, J. Pro Tem., concur.