[No. 681-3.    Division Three.    January 8, 1974.]

GEORGE H. TURNER et al., *Respondents*, v. THE CITY OF WALLA WALLA, *Appellant*.

*James B. Mitchell* (of *Reese & Mitchell*), for appellant.

*Charles Snyder*, for respondents.

MUNSON, J.—Defendant, City of Walla Walla, appeals

from a restraining order and temporary injunction[1] restraining defendant from enforcing a stop-work order which directed plaintiff to stop construction work upon his property located within the city of Walla Walla.

No statement of facts appears of record. The facts set forth below are disclosed in affidavits submitted in support of an order to show cause why a restraining order should not be entered in accordance with plaintiff's prayer. Apparently no testimony was taken at the show cause hearing.

The plaintiff acquired the property in question in 1968, intending to move his lumber business to that location after several prefabricated metal buildings were constructed to house the business. The property is located on west Rose

---

[1] "IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF WALLA WALLA

GEORGE H. TURNER and HAZEL V. TURNER, husband and wife,
           Plaintiff,
vs.
CITY OF WALLA WALLA, a municipal corporation,
           Defendant.

No. 61154
RESTRAINING ORDER AND TEMPORARY INJUNCTION

"The above entitled matter having come on for hearing on Monday the 12th day of June, 1972 upon order to show cause issued herein on the 23rd day of May, 1972, Plaintiffs appearing in person and with their attorney Charles Snyder and the Defendant appearing by James B. Mitchell, and the Court having read the affidavits filed by the parties and heard arguments of counsel and being fully advised in the premises,

"IT IS ORDERED, ADJUDGED AND DECREED that the City of Walla Walla, a municipal corporation, defendant above named, be, and it is hereby restrained and enjoined from enforcing stop order issued by John W. Sanders, Building Inspector for the City of Walla Walla dated the 15th day of May, 1972.

"DONE in Open Court this 29th day of June, 1972.

"/s/ Albert N. Bradford
Superior Court Judge

"Presented by:
/s/ Charles Snyder
Charles Snyder, Attorney for Plaintiffs

Approved as to form:
/s/ James B. Mitchell
James B. Mitchell, Attorney for Defendant"

Street in Walla Walla in an area zoned light industrial under the city zoning ordinance. In this particular area the public right-of-way of Rose Street begins and ends at the curblines of the street. The abutting owner's property begins at the curbline; no area is reserved for sidewalk or other public rights-of-way between the curb and the private property lines.

On February 23, 1971, the plaintiff applied for and obtained a permit to construct one prefabricated metal building upon the property. The permit had a time limit of 120 days, and the building was constructed within that time. It was constructed with a 6-inch setback from the front property line on Rose Street. Between February 23, 1971, and June 3, 1971, the City of Walla Walla received numerous complaints from citizens concerning the building already constructed. They apparently felt the building was too close to the curbline of Rose Street and constituted a sight hazard for motorists.

On June 2, 1971, plaintiff applied for, and obtained, an additional building permit to construct five more metal buildings upon the property, the permit allowing a time limit of 365 days to complete the construction. Plaintiff, on or about June 3, 1971, staked the property for the purpose of locating the additional buildings and had fill dirt delivered to the property at various times until July 22, 1971.

On June 30, 1971, the City of Walla Walla amended its comprehensive zoning ordinance to provide for a minimum 15-foot front yard setback in light industrial zones.

By May 8, 1972, plaintiff had completed forms for the concrete footings, and at that time asked the city building inspector to make an inspection pursuant to the building code. The inspection was made on that date and the forms were found to be in accordance with the building code requirements. The inspector then advised plaintiff of the amendment to the zoning ordinance requiring a greater front yard setback. Plaintiff poured concrete into the forms sometime between May 8, 1972, and May 10, 1972.

On May 10, 1972, the Walla Walla City Council ordered the building inspector to issue a stop-work order on plaintiff's construction project. The council contended the job was in violation of the Uniform Building Code § 302(d) (1970 ed.) inasmuch as the work had not commenced within 60 days after issuance of the building permit. Section 302(d) had been adopted by reference as part of the Walla Walla Building Code prior to June 2, 1971.

On May 11, 1972, the inspector conveyed this order, by telephone, to the plaintiff. However, a formal written order was not issued until May 15, 1972, after the building inspector had been formally ordered in writing by defendant's city manager to enforce the stop-work order in accordance with the city council's direction of May 10.

Plaintiff thereafter filed the instant action seeking to enjoin the stop-work order and continue construction. The trial court granted a restraining order and temporary injunction enjoining the stop-work order. Appeal is now taken from the granting of that order.

■ We do not reach the issue raised by the assignment of error, *i.e.*, whether plaintiff complied with the terms of the Uniform Building Code § 302(d) (1970 ed.). The threshold question before this court upon an appeal from the granting of a temporary injunction is whether the trial court abused its discretion in granting the temporary injunction.

> This appeal does not reach the merits. In passing upon the propriety of a preliminary injunction, an appellate court will not determine the merits in advance of trial. Affirmance of a temporary injunction is no intimation of what the final judgment, after trial, should be.

*Dudley v. Jack Waite Mining Co.,* 49 Wn.2d 867, 868, 307 P.2d 281 (1957).

> Granting or withholding of a temporary injunction is addressed to the sound discretion of the court, to be exercised according to the circumstances of the particular case. *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P. (2d) 397.

*Isthmian S.S. Co. v. National Marine Engineers' Beneficial Ass'n*, 41 Wn.2d 106, 117, 247 P.2d 549 (1952); *see also Marion Richards Hair Design, Inc. v. Journeymen Barbers Local 195-A*, 59 Wn.2d 395, 367 P.2d 806 (1962).

Pursuant to CR 52(a)(2)(A),[2] findings and conclusions are required in granting or refusing temporary injunctions. CR 65(d)[3] requires the reasons for the issuance of an injunction or restraining order to be set forth in the order granting it. The order appealed from does not set forth any reasons for its issuance, and no findings of fact or conclusions of law were entered in conjunction therewith.

Thus, we are unable to determine the basis for the trial court's ruling from the record before us. We cannot determine whether the court abused its discretion in entering that order. It is necessary to remand this action for the taking of additional testimony, if necessary, the entry of findings of fact and conclusions of law, and the required inclusion of reasons within the order granting a temporary injunction. Only then would this court be in a position to review an alleged abuse of the trial court's discretion. *Mayes v. Emery*, 3 Wn. App. 315, 475 P.2d 124 (1970).

We also note that the order appealed from, although entitled "restraining order and temporary injunction" is worded in the language of a permanent injunction. Both parties have argued the substantive questions going to the merits of the controversy. This would be relevant on an appeal from a permanent injunction. However:

If there is no order or stipulation of the parties that the

[2] "(2) *Specifically Required*. Without in any way limiting the requirements of paragraph (1), findings and conclusions are required:

"(A) Temporary Injunctions. In granting or refusing temporary injunctions."

[3] "(d) Form and Scope. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

merits of the action will be considered at the preliminary injunction hearing, the court cannot enter a valid order disposing of the case on the merits. *See Industrial Bank of Washington v. Tobriner*, 405 F.2d 1321 (D.C. Cir. 1968).

*McLean v. Smith*, 4 Wn. App. 394, 399, 482 P.2d 798 (1971). No such order or stipulation is before us. Upon remand, if either such an order or stipulation is entered, a hearing could be held on the merits. Thereafter, findings of fact, conclusions of law, and an order complying with CR 52(a)(1) and CR 65(d) could be entered. On appeal therefrom, it would be proper for this court to fully review the matter on its merits.

This matter is remanded to the trial court for further proceedings in accordance with this opinion. Each party shall bear its own costs on appeal.

GREEN, C.J., and EVANS, J. Pro Tem., concur.